No. 15        July 29, 2015        115

IN THE OREGON TAX COURT
REGULAR DIVISION

ROSALIE RIDGE LLC,
*Plaintiff,*

*v.*

DEPARTMENT OF REVENUE,
*Defendant,*
*and*

MULTNOMAH COUNTY ASSESSOR,
*Defendant-Intervenor.*

(TC 5152)

Plaintiff (taxpayer) prevailed in a property tax case regarding special assessment for forestland. Taxpayer subsequently submitted an application for attorney fees and costs, to which Defendant and Defendant-Intervenor objected. Following the hearing on fees, the court found that during the initial litigation, taxpayer presented substantial facts supporting the conclusion that the predominant purpose test was satisfied for the tax year in question. Due to the failure of the county assessor to present any evidence with respect to that factual question, the position of the assessor was objectively unreasonable and warranted an award of fees. The court further found that there was a significant deterrence aspect to the case, in that the record included statements by counsel for the assessor suggesting that the assessor's office viewed special assessment laws quite differently from the statutory provisions governing special assessment, and that having put taxpayer to significant expense in defending the assessor's mistaken position and having put on little or no case, the victory of taxpayer would be hollow if it came without an award of fees and costs in securing it.

Hearing on attorney fees was held March 2, 2015, in the Multnomah County Courthouse, Portland.

John M. Junkin, Garvey Shubert Barer PC, Portland, filed the request for award of attorney fees and costs and Michael J. Mangan argued the cause for Plaintiff (taxpayer).

Lindsay R. Kandra, Multnomah County Counsel, Portland, filed a response and argued the cause for Defendant-Intervenor Multnomah County Assessor (the assessor).

Vanessa A. McDonald, Assistant Attorney General, Department of Justice, Salem, filed an objection to taxpayer's request for award of attorney fees.

Decision for Plaintiff rendered on July 29, 2015.

**HENRY C. BREITHAUPT, Judge.**

This matter is before the court on the application of Plaintiff (taxpayer) for an award of attorney fees and costs in proceedings in the Magistrate Division and the Regular Division. Taxpayer was the prevailing party in a proceeding in which Defendant Department of Revenue (the department) and Intervenor-Defendant Multnomah County Assessor (the assessor) asserted that property of taxpayer did not qualify for special assessment under Oregon law.

A.    *Factors Relating to Award of Fees*

The dispute in this matter arose initially out of the same actions taken by the assessor with respect to this taxpayer, the taxpayer in *Angel v. Dept. of Rev.*, 21 OTR 444 (2014) (*Angel I*), and disqualification actions taken with respect to a significant number of other taxpayers. However, as discussed in the proceedings in *Angel I*, including the decision issued this day on award of attorney fees and costs in *Angel II v. Dept. of Rev.*, 22 OTR 106 (2015) (*Angel II*), the assessor was fundamentally mistaken about the legal basis and validity of the notices of disqualification when they were initially issued.

As occurred in *Angel I*, the assessor then proceeded to litigate the case, justifying his action on a different theory. As was done in *Angel I*, the assessor developed what the court in the *Angel II* attorney fee decision called a "prior bad acts" theory. That theory was relied upon to suggest that the purpose for which taxpayer held land in the year at issue was inconsistent with the special assessment statute, even though the actions upon which the assessor relied had occurred several years prior to the year in question.

As to the predominant intent element of the statute providing for special assessment, there was no difference between the parties as to the governing law. The legal test or element must, however, be demonstrated by facts. Taxpayer presented substantial facts supporting the conclusion that the predominant purpose test was satisfied for the year in question.  It is because of his failure to present any evidence with respect to this factual question for the year

in question that the position of the assessor was objectively unreasonable.

The assessor relied on certain stipulated evidence, primarily relating to the formation of a limited liability company in 2005 and contracts with a developer that terminated well before the tax year at issue. *Rosalie Ridge LLC v. Dept. of Rev.*, 21 OTR 434, 438 (2014). Thus the assessor attempted here, as in *Angel I*, to establish prior acts as indicative of predominant purpose in a later year.

The assessor presented no evidence linking prior actions to the year in question. The assessor relied upon entity-purpose language in formation documents that were not inconsistent with holding the land in question for forestry purposes.[1] As in *Angel I*, the assessor ignored the requirement that intent is to be measured as to each year.

In the face of substantial evidence introduced by taxpayer as to forestry management of the property both before and after the failed transaction to change purposes for the property, the assessor stood silent. Without support for his position in the record, he attempted to prevail for the year at issue based solely on events from long before the year at issue and no connection of those events to the year at issue.

The court concludes that the assessor in fact began the disqualification process on legally incorrect grounds. The assessor then switched positions and challenged taxpayer to justify taxpayer's position based on facts. This taxpayer did with significant evidence. The assessor stood silent.

The court concludes that the position of the assessor had no support in fact.

For the reasons discussed in *Angel II*, there is a significant deterrence aspect of this case. The record includes

---

[1] As demonstrated in the opinion on the merits in this proceeding, Oregon law requires that the LLC involved in this matter be disregarded for purposes of determining qualification for special assessment. As the officer who enforces all of the relevant statutes and not just some of them, the assessor should have both known of this rule and taken it into account in proceeding with this case. However, neither the assessor nor taxpayer put this matter into issue in the case and the court does not count his failure to do so against the assessor at this stage of the proceedings.

statements by counsel for the assessor suggesting that the assessor's office had a view of the special assessment laws quite different from the statutory provisions governing special assessment. Having put taxpayer to significant expense in defending his initially mistaken position and having, in effect, put on little or no case, the victory of taxpayer would be hollow indeed if it came without an award of fees and costs in securing it.

B.   *Amount of Fees and Costs*

The assessor and the department object to a number of items requested.

First, as in *Angel II*, an objection is made as to fees for proceedings in the Magistrate Division. For the reasons stated in *Angel II*, that objection is not well taken.

Second, the assessor objects to fees relating to a possible valuation dispute as to the land in question, raised in a companion appeal. For the reasons discussed in *Angel II*, no fees may be awarded for collateral proceedings. Counsel are directed to confer to apply this ruling.

The assessor objects that taxpayer did not submit adequate information about attorneys and rates. Taxpayer addressed this in a subsequent filing, representing that the omission had been inadvertent. The assessor has filed no subsequent objection. This objection is not well taken.

The assessor objects to an award of fees in respect of this fee petition proceeding. As discussed in *Angel II*, such fees are proper subjects of an award. Likewise, the fees of an attorney to handle examination of another attorney in the matter are allowable. Finally, the assessor objects to the amount of billing for preparing the request for fees. Taxpayer responds that, like all other stages in this litigation, it had to prepare for a significant fight. The court believes both positions have some merit and concludes that an award of one-half of the amount claimed for this element is appropriate.

As to filing fees, $480 is awarded.

The assessor objects to a fee for an expert called by taxpayer in the main case. The assessor argues that this

testimony was duplicative of the testimony of the husband of Lillian Logan. The court believes that if third party testimony had not been offered as to objective facts, the assessor might well have characterized Dan Logan's testimony as self-serving. Taxpayer should not be required to take that risk. The fee is a proper cost.

As discussed in *Angel II*, the court will not depart from its prior decision that the statute requires the department to pay the amounts awarded on this petition.

Counsel are directed to confer to discuss the appropriate form of supplemental judgment, to be submitted by counsel for taxpayer. Now, therefore,

IT IS ORDERED that Plaintiff's request for an award of attorney fees and costs is granted.